IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------- :
DIANE WARGO, et al.,                              : CASE NO.  1:08 CV 02035
                                                  :
                                     Plaintiffs,  : MEMORANDUM OF OPINION AND
                                                  : ORDER GRANTING DEFENDANTS'
                                    -vs-          : MOTION TO DISMISS PURSUANT TO
                                                  : FED. R. CIV. P. 12(b)(2).
                                                  :
MARIO LAVANDEIRA dba                              :
PEREZHILTON.COM, et al.,                          :
                                                  :
                                    Defendants.   :
------------------------------------------------- :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Plaintiffs Diane Wargo and Joel Wargo, individually and on behalf of their minor children, brought this defamation suit against Mario Lavandeira dba PerezHilton.com for reproducing an email message from Ms. Wargo, sent to the PerezHilton website, in a post entitled "Email of the Day."  (Doc. 1).  The email post included Ms. Wargo's full name, her work email address, and the name of her employer.  Plaintiffs allege the "Email of the Day" resulted in Ms. Wargo and her employer receiving spam, harassing email messages and telephone calls, defamatory responsive emails sent to the PerezHilton website regarding Ms. Wargo, and Ms. Wargo's loss of employment.  (Doc.

1).  The Plaintiffs bring fourteen claims, including: breach of contract; promissory estoppel; fraud; negligence; defamation; invasion of privacy; tortuous interference with a contract; intentional infliction of emotional distress; negligent infliction of emotional distress; loss of filial consortium; and, loss of consortium.  (Doc. 1).

After this matter was removed to this Court from the Cuyahoga County Court of Common Pleas on 22 August 2008, the Defendants moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(2), or for a transfer of venue under 28 U.S.C. § 1404.  (Doc. 3). The Plaintiffs issued two responses (Doc. 6, 8), to which the Defendants replied (Doc. 11).  In addition, the Plaintiffs have filed a motion to compel arbitration and stay the proceedings (Doc. 7), to which the Defendants have provided a response (Doc. 12), and to which the Plaintiffs have replied (Doc. 13).  The Plaintiffs have also requested leave of the Court to file a sur-reply on the Arbitration dispute.  (Doc. 14).  These issues are now ripe for consideration.

For the reasons discussed below, the Court will dismiss this matter for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).

**I.    BACKGROUND**

Pursuant to the record before the Court, the following facts are in evidence.  Mr. Lavandeira has owned and operated a website known as PerezHilton.com since its inception in September 2004.  The website is an amalgam of celebrity gossip about musicians, actors, and other notable public figures, along with photographs and commentary.  The website contains advertisements which link to third party websites, from which viewers may purchase goods and services.  Mr. Lavandeira maintains the

2

PerezHilton.com website itself does not sell good or services and conditions viewers visits to the website on an agreement that the laws of the state of California govern. (Doc. 3; Lavandeira Aff. ¶¶ 13, 14).

Mr. Lavandeira is a resident of the state of California, he performs his role as owner and operator of the PerezHilton.com website from California, and the servers for the website are located in Budapest, Hungary.  The PerezHilton website is generally accessible through any internet portal and permits interactivity from viewers who may read and post their own comments and information.

The Plaintiffs allege that in December 2007, Ms. Wargo visited the PerezHilton website and subsequently sent an email message.  Ms. Wargo's email message was featured by Mr. Lavandeira in a post captioned "Email of the Day," which reproduced verbatim Ms. Wargo's message including her full name, work email address, and name of her employer.  The Plaintiffs maintain that as a result of the posting of Ms. Wargo's email, both the Plaintiff and her employer subject to harassing and threatening email messages and telephone calls and while users of the PerezHilton posted defamatory responsive statements regarding Ms. Wargo, and the Plaintiff was terminated from her place of employment.

## II.    LAW AND ARGUMENT

### 1.    Standard of Review

To determine whether personal jurisdiction is proper in a diversity case, district courts apply the law of the state in which they sit.  Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir. 1980); Lum v. Mercedes Benz, USA, LLC, 433 F. Supp. 2d 853, 855 (N.D.Ohio

3

2006).  Plaintiff, therefore, must show: 1) the defendant is amenable to suit under Ohio's long arm statute, and 2) allowing the defendant to be sued in Ohio does not contravene due process.  CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996); Highway Auto Sales, Inc. v. Auto-Konig of Scottsdale, Inc., 943 F. Supp. 825, 828 (N.D. Ohio 1996).  When personal jurisdiction is challenged under Fed.R.Civ.P. 12(b)(2), the court looks to the pleadings and affidavits of the nonmoving party and does not consider the parties' conflicting assertions about the facts.  Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002).  The court construes the facts in the light most favorable to the nonmoving party.  Id.; see also Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991).

The plaintiff bears the burden of demonstrating that jurisdiction is proper.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936);  Theunissen, 935 F.2d at 1458.  In the face of a properly supported motion for dismissal on jurisdictional grounds, the plaintiff may not stand on his or her pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.  Id.  A prima facie showing of personal jurisdiction is required.  See Bird, 289 F.3d at 871.  Dismissal for lack of jurisdiction is without prejudice.  Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005).

### 2. Ohio's Long-Arm Statute

In Ohio, personal jurisdiction exists only if the defendant's alleged conduct satisfies the requirements of Ohio's long-arm statute, O.R.C. § 2307.382 (A).  This statute is limited, and does not extend personal jurisdiction to the limits of due process.

Hunter v. Mendoza, 197 F.Supp.2d 964, 967-68 (N.D. Ohio 2002); Goldstein v. Christiansen, 70 Ohio St.3d 232, 238 n. 1, 638 N.E. 2d 541 (1994).

Under the Ohio long-arm statute, personal jurisdiction can arise from various circumstances.  In pertinent part, the Ohio long-arm statute enables personal jurisdiction "over a person who acts directly or by an agent, as to a cause of action arising from the person's:"

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortuous injury by an act or omission in this state;

(4) Causing tortuous injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortuous injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortuous injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

5

O.R.C. § 2307.382 (A).

The record indicates the Ohio long-arm statute, O.R.C. 2307.382 does not apply to the Defendants to provide this Court personal jurisdiction.  First, the Defendants have not transacted business with, and do not provide goods and services for sale to, residents of Ohio. The Ohio Supreme Court has indicated that the word "transact" under O.R.C. 2307.382 (A)(1) means "to carry on business" and "to have dealings," and it is broader that the word "contract."  Ky Oaks Mall Co. v. Mitchell's Formal Wear, 53 Ohio St.3d 73, 75, 559 N.E.2d 477 (1990) (quoting Black's Law Dictionary 1341 (5th ed.1979)).  The Ohio Supreme Court has long held, however, that mere solicitation of business by a foreign corporation does not constitute transacting business in Ohio for purposes of personal jurisdiction.  Wainscott v. St. Louis-San Francisco Ry. Co., 47 Ohio St.2d 133, 143-44, 351 N.E.2d 466 (1976).  There must be ongoing, substantive contacts.  Burnshire Dev., LLC v. Cliffs Reduced Iron Corp., 198 Fed. Appx. 425, 431-32 (6th Cir. 2006).  As the United States Supreme Court has stated, a nonresident's ties must "create a 'substantial connection' with the forum State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985);  see also Air Prods. and Controls, Inc. v. Safetach Intern., Inc., 503 F.3d 544, 551 (6th Cir. 2007).

The record evidence provided by the Plaintiffs of alleged business transactions is simply not credible on its face. (Plaintiffs' Opposition Doc. 6-4, 6-5, 6-6, 6-7, 6-8; pp. 1-9).  A review of the record indicates that the Goods At Issue are marketed through a third party, MerchDirect, which has a link on the Defendants' website.  The Defendants neither own nor operate MerchDirect or its website.  (Doc. 3, Lavandeira Aff. ¶ 6; Doc. 11, Lavandeira Aff. ¶¶ 5, 6, 7).  The Plaintiffs' reliance upon Compuserve v. Patterson,

6

89 F.3d 1257 (6th Circuit 1997), in support of their argument is inapposite.  Unlike the instant matter, the Compuserve Court found personal jurisdiction where the defendant had not only entered into two contracts with the Ohio plaintiff, explicitly governed by Ohio law, but had also transacted business in Ohio by marketing his software through the plaintiff's computers which were located in Ohio.

Second, a review of the record does not indicate the Court has personal jurisdiction over the Defendants pursuant to subsections (4), (5) or (6) of the Ohio long-arm statute, O.R.C. 2307.382(A), each of which provides for jurisdiction where a defendant has caused tortuous injury.  The Plaintiffs have not shown that the Defendants exhibit the necessary preconditions to establish personal jurisdiction.   (Doc. 6, Plaintiffs' Response, pp. 8-1).  See Oasis Corp. v. Judd, 132 F. Supp. 2d 612 (S.D. Ohio 2001).

With regard to O.R.C. 2307.382(A)(4) the record does not support a finding that the Defendants solicit, take orders for, sell, or ship goods in, Ohio.  (Doc. 3; Lavandeira Aff. ¶¶ 6, 7).  Further, it is clear from the record, that Mr. Lavandeira lacks the requisite personal contacts with Ohio to establish this Court's jurisdiction.  (Doc. 3; Lavandeira Aff. ¶¶ 4-6).

The Plaintiffs urge the Court to find jurisdiction pursuant to O.R.C. 2307.382(A)(5), alleging that Mr Lavandeira breached an implied warranty to Ms. Wargo that her personal information would not be released under the circumstances involved in this matter.  (Doc. 6).  The Ohio long-arm statute explicitly ties the express or implied warranty to the actual sale of goods.  In this instance, the record does not establish that the Defendants sold goods or breached any warranty in relation to the sale of goods.

7

Accordingly, the Court does not possess personal jurisdiction over the Defendants pursuant to subsection (5) of the Ohio long-arm statute.

Finally, the Plaintiffs have not established jurisdiction pursuant to O.R.C. 2307.382(A)(6), which allows this Court to oversee a matter involving an action by a defendant causing tortuous injury in Ohio to an Ohio resident by an act outside of the state.  Plaintiffs maintain that jurisdiction lies here in Ohio because, as a result of her email posted on PerezHilton.com, Ms. Wargo was harassed, lost her employment, and received harm to her reputation in Ohio.  The Plaintiffs draw the Court's attention to the decision in Kauffman Racing Equipment, LLC v. Roberts, 2008 WL 1821374 (Ohio App. 5th Dist. 2008), in which the court found it had jurisdiction over the defendant. Kauffmann involved the sale of a racing performance engine block by the plaintiff, an Ohio limited liability company, to the defendant, a Virginia resident.  When the sale went awry, the defendant alleged posted defamatory comments regarding the plaintiff on the internet.  Unlike the instant matter, the court in Kauffman found jurisdiction over the alleged tortuous internet comments predicated on the defendant's Ohio transactions with Kauffman.

Instead, this Court finds persuasive the decision in Oasis Corp. v. Judd, 132 F. Supp. 2d 612 (S.D. Ohio 2001).  Oasis involved the operation, by the Oklahoma defendants, of an entirely internet based effort to provide an avenue for complaints about, and generate letters against, the plaintiffs Oasis Corporation, an Ohio entity, and its President, an Ohio resident.  The website offered no goods or services for sale or lease.  In dismissing the case for lack of personal jurisdiction, the District Court found O.R.C. 2307.382(A)(4) & (6) of the Ohio long-arm statute inapplicable where, as in this

8

instance, the plaintiffs alleged wrongs were drawn solely from the content of the defendants' website. Id. At 620-22. Focusing on the defendants' conduct, the Court determined that neither the Oklahoma defendants nor their website had an inherent connection with Ohio. As in the decision in Oasis, the Court here finds neither Mr. Lavandeira's nor PerezHilton.com's conduct inherently associated with Ohio.

### 3. Constitutional Due Process Requirements

Even if plaintiffs were able to establish personal jurisdiction consistent with Ohio law, the Due Process Clause of the Fourteenth Amendment limits the power of a state court to exert personal jurisdiction over a nonresident defendant. The "constitutional touch-stone" to determine if the exercise of personal jurisdiction complies with due process "remains whether the defendant purposefully established 'minimum contacts' in the forum State." Burger King, 471 U.S. at 474 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); see also Wayne Cty. Bur. of Support v. Wolfe, 71 Ohio App.3d 765, 769, 595 N.E. 2d 421 (1991). The court affirmed that minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King, 471 U.S. at 474.

Such minimum contacts may justify either general jurisdiction or specific jurisdiction. Irizarry v. East Longitude Trading Co., 296 F. Supp.2d 862, 864-65 (N.D. Ohio 2003). General jurisdiction is proper only if a defendant's contacts with the forum state are so extensive as to be characterized as "continuous and systematic." Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80

L.Ed.2d 404 (1984). In this instance, the Court cannot exercise general jurisdiction over the Defendants because neither Mr. Lavandeira nor PerezHilton.com maintains any presence -- physical, corporate, financial, or otherwise -- in the state of Ohio that could be regarded, in the least, as "substantial," "continuous and systematic". Decisions in this Circuit have clearly indicated that the mere operation of an internet website, to which Ohio residents gain unfettered access, does not, without more, establish general jurisdiction. See Inc. v. Imago Eyewear Pty., Ltd., 167 Fed. Appx. 518, 523 (6th Cir. 2006); Bird v. Parsons, 289 F.3d 865, 874 (6th Cir. 2002).

In contrast, specific jurisdiction only requires that the conduct giving rise to the present litigation have a connection to Ohio. To demonstrate such connection, a plaintiff must show: 1) the defendant has purposefully availed itself of benefits from acting or caused a consequence within Ohio; 2) the cause of action must arise from the defendant's acts or such consequences; and 3) the connection between the defendant and Ohio must be sufficiently substantial to make jurisdiction in this court reasonable. Southern Machine Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968).

The first, purposeful availment, element of the analysis is coextensive with the "transacting any business" standard of Ohio's long-arm statute. See Burnshire Development, LLC v. Cliffs Reduced Iron Corp., 198 Fed. Appx. 425, 432 (6th Cir. 2006). As discussed above, Defendants' connections to Ohio were not so substantial that the Defendants could reasonably anticipate being sued in an Ohio court. Facts from the record indicate Defendants did not initiate contact with Ohio, and the website had no inherent, direct contact with Ohio. Accordingly, such contacts between Defendants and Ohio are insufficient to establish the Defendants purposefully availed themselves of the

10

forum state. Accordingly, where the Court finds no personal availment, personal jurisdiction over the Defendants is not constitutionally acceptable.

Further, in consideration of the second element of the jurisdictional analysis, the Plaintiffs' cause of action does not arise from the Defendants' actions in the forum state. This matter is centered on an alleged harm suffered when the Defendants republished an email Ms. Wargo sent to the website. That website is not maintained nor operated in Ohio, nor are the computers hosting the website located in Ohio. Accordingly, the alleged causes of action do not arise from the Defendants' activities in Ohio. See Third Nat. Bank in Nashville v. WEDGE Group Inc., 882 F.2d 1087, 1090 (6th Cir. 1989).

Finally, determining whether personal jurisdiction is reasonable under the analysis in Southern Machine requires the Court to determine whether extending its jurisdiction over the Defendant would comport with "traditional notions of fair play and substantial justice." Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102, 113, 107 S.Ct. 1026 (1987). In determining reasonableness, Courts are asked to consider the burden on the defendant, the interests of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies. Id. Upon a review of the record, with due weight given to the nonmovant, the Court concludes that it is not reasonable to extend personal jurisdiction over the Defendants upon the basis of their specific website, which can be viewed by individuals located in Ohio.

In reaching its conclusion, the Court relies upon decisions in this Circuit that address the question of whether defendants' operation of a website can confer specific personal jurisdiction. See Cadle v. Schlichtmann 123 Fed. Appx. 675 (6th Cir. 2005);

11

Oasis Corp. v. Judd, 132 F. Supp. 2d at 620;  Bailey v. Turbine Design, Inc., 86 F. Supp. 2d 790, 795 (W.D. Tenn. 2000); Majestec 125, LLC v. Sealift, Inc., 2006 WL 2039984 (W.D. Mich. 2006).

The record indicates that the instant website is not specifically directed to Ohio, but instead, is available anywhere there is internet access.  Further, the record establishes that the website's level of interactivity does not establish specific jurisdiction over the Defendants.  The PerezHilton website offers information to the viewer regarding celebrities and permits limited interactivity by allowing readers to post comments and information, but no goods or services are sold on the specific PerezHilton website.  While not quite a passive website, the level of interactivity is not sufficient to support the Court's extension of specific personal jurisdiction over the Defendants.  See Inc., 167 Fed. Appx. At 522;  Cadle Co. v. Schlichtmann, 2004 WL 3630539 (N.D. Ohio 2004), affirmed Cadle Co. v. Schlichtmann, 123 Fed.Appx. 675 (6th Cir. 2005).  In Cadle, the Court dismissed the Ohio plaintiff's action for defamation against the defendants who maintained a website specifically directed at their battle with the plaintiff corporation over its alleged illegal collection activities.  The Court found that the website's limited level of interactivity failed to support specific jurisdiction, explaining,

> The site, while neither entirely passive nor entirely interactive, falls closer to the former on the figurative "sliding scale."  The site is not interactively designed towards commercially transacting business with internet viewers, but rather contains articles and informational links concerning Defendant's battle with Plaintiff over the latter's purportedly illegal collection activities.

Id. At 8-9.

The Plaintiffs rely upon Neogen Corp v. Neo gen Screening, Inc., 282 F.3d 883, 890 (6th Cir. 2002), Morel Acoustic, Ltd. Morel Acoustics USA, Inc.,  2005 WL 2211306

12

(S.D. Ohio 2005), and First Tennessee National Corp., v. Horizon National Bank, 225 F. Supp. 2d 816 (W.D. Tenn. 2002), to argue that the level of interactivity on the PerezHilton website establishes the necessary specific personal jurisdiction over the defendants to withstand a Rule 12(b)(2) dismissal.  A review of the cases indicates that the websites under consideration in Neogen, Morel and First Tennessee were sufficiently more interactive than the instant website, offering information and forms to purchase goods and services from the defendants, allowing users to place orders, providing users with passwords, and in the case of First Tennessee, allowing users to apply for and track mortgage applications.  The Court does not find Neogen, Morel, or First Tennessee applicable in this instance.

Finally, the Plaintiffs' reliance upon Calder v. Jones, 465 U.S. 783 (1983) is inapposite.  In Calder the United States Supreme Court found specific personal jurisdiction in the defendant's newspaper publication of an allegedly libelous story concerning the plaintiff's California activities.  The Court found the story, the sources for the story, and the newspaper were all directed at California and that, therefore, California had personal jurisdiction.  In this instance, while the content of the internet publication on PerezHilton.com was about an Ohio resident, that publication did not concern that resident's Ohio activities, the website itself was not directed at Ohio over any other state, and the Defendants' conduct did not occur in Ohio.  See Cadle Co. v. Schlichtmann, 123 Fed. Appx. at 679-80;  see also Oxford Round Table, Inc. v. Mahone, 2007 WL 3342288 (W.D. Ky. 2007).

### III.     CONCLUSION

For the reasons set forth above in this Memorandum of Opinion and Order, the Court grants the Defendants' Motion to Dismiss the Plaintiffs' action for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).  The Court need not reach the question of transfer, posed in the alternative, by the Defendants.  Finally, the Plaintiffs' motion to compel arbitration and stay proceedings is deemed moot (Doc. 7), as is their motion for leave to file a sur-reply on the matter of arbitration (Doc. 14).

IT IS SO ORDERED.

   /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 3 October 2008